No. 2655

Second Circuit

———

BOYKIN  v.  BOYKIN

———

(May 7, 1926, Opinion and Decree)

———

(*Syllabus by the Editor.*)

1. **Louisiana    Digest — Obligations — Par. 76, 87.**

Construing a deed and a lease contract entered into by the co-heirs, the conclusion is reached that the "Delco Lighting Plant" which was attached to the real estate and in reality a part of the dwelling was considered an improvement, although it was not mentioned by name in either the deed or the lease contract.

2. **Louisiana Digest—Obligations—Par. 90.**

Where the preponderance of testimony shows that the Delco Lighting Plant was mentioned by one of the parties in the presence of the plaintiff who did not challenge the statement that it was included in the sale made by plaintiff, it therefore must be considered the property of the defendant.

3. **Louisiana Digest—Successions—Par. 5.**

A Delco Lighting Plant placed on the property of his parents must be considered part of the succession property of the parents although the heir was not paid for it, but did not specify it in the deed and lease agreement with his co-heirs in the settlement of the succession.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Richland, Hon. John R. McIntosh, Judge.

Action by Frank N. Boykin against Robert E. Boykin, et al., for possession of a Delco Lighting Plant. Sequestration was issued. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ellis and Ellis, of Rayville, attorneys for plaintiff, appellant.

Todd and Todd, of Bastrop, attorneys for defendants, appellees.

ODOM, J. Plaintiff alleged in his petition, that he is the owner of a Delco lighting plant with sixteen wet water batteries, one pump with one-half horse power generator, one fan with electric fixtures, situated in and near the main residence, known as the J. W. Boykin Place, in Richland parish, Louisiana, valued at $350.00; that the same was purchased by him with his separate funds and installed in the said J. W. Boykin residence while he was living in and occupying said residence, for his own use and convenience, without any intention of attaching it to or making it a part of the realty; that when he removed from said residence he attempted to remove the Delco lighting plant and fixtures and was prevented from doing so by defendants.

He prayed to be decreed the owner of said property and to be allowed to remove the same.

In a supplemental and amended petition, he alleged that he feared that during the pendency of the suit the defendants would remove the property and asked for and was granted a writ of sequestration under which the property was seized.

He further alleged that he had been damaged in the sum of $50.00, $25.00 for loss of time in attempting to gain possession of this property, and $25.00 for loss of the use thereof, and prayed for judgment for that amount.

Defendants answered denying plaintiff's ownership of the property and specially alleged that they had purchased the same from him.

There was judgment in the district court rejecting plaintiff's demands at his costs, from which he prosecutes this appeal.

OPINION

The plaintiff and defendants are the children and sole heirs of their father, J. W. Boykin, who died in 1924, and their mother, Mrs. Georgia L. Boykin, who died in 1922.

The father and mother of these litigants owned a tract of land consisting of some 265 acres situated in Richland parish on which there was a residence which they occupied up to the date of their death.

We infer from the record that all the children, except the plaintiff, left the farm prior to 1908. In that year the plaintiff took charge of the farm as manager for his father and mother and lived in the residence with them until after the death of the father in 1924. During that time or at least a portion of it he operated a mercantile business in the store situated on the land and located near the

residence.   The mercantile business was his own separate enterprise.

During the year 1918 the plaintiff, while residing in said residence with his father and mother, at his own expense installed a Delco lighting plant in connection with the residence for his own convenience and for the convenience of his father and mother. This plant furnished current for the residence and the storehouse used by plaintiff as a separate enterprise. He contends that the Delco plant was never intended by him to become a part of the realty but was his separate property and that he now has the right to remove it.

It is admitted by defendants that plaintiff did install the Delco lighting plant at his own expense, but it is also their contention that it was intended to be and remain an improvement on the real estate then owned by plaintiff's father and mother and that they acquired the same along with plaintiff's interest in the succession property after the death of the father and mother.

Therefore, the sole question to be determined in this suit is, whether the defendants acquired this Delco lighting system in the settlement and purchase hereinafter mentioned.

After the death of the father, in 1924, the mother having previously died, there seems to have been some friction between plaintiff and the other heirs over a settlement of the succession property, and from statements in the brief of counsel for plaintiff we infer that there was litigation either threatened or pending. But a settlement between them was reached by which the defendants purchased for the price of $2750.00 plaintiff's undivided one-fifth interest in all of the property,

both real and personal, belonging to the successions of their deceased parents.

The act of sale sets out that Frank N. Boykin, the plaintiff in this suit, sells to the defendants his undivided one-fifth interest in certain real estate which is described, together with—

"* * * all the improvements situated upon all of the said hereinabove described property, consisting of dwelling, gin house and machinery, store building, barns. cabins and all other improvements. Also all of the personal and movable property of every kind, character, nature and description belonging to the said J. W. Boykin and the said Mrs. Georgia L. Boykin, deceased, either or both of them, at the time of their respective deaths."

Subsequent to this settlement and transfer, the defendants, by written contract, leased to the plaintiff, Frank N. Boykin, for the year 1925—

"* * * that certain property in the parish of Richland known as the Boykin estate, that is, the property owned by J. L. Boykin and Mrs. Georgia L. Boykin, his wife, at the time of their death;"

consisting of about 265 acres of land, with livestock and farming implements, dwelling house and other improvements and appurtenances situated on said real estate.

This lease contract sets out that these parties, being the heirs of said J. W. Boykin and Mrs. Georgia L. Boykin, have settled all their differences over the successions of their deceased parents, and paragraph fourth thereof read as follows:

"At the end of this contract the said party of the second part (the lessee and plaintiff herein) shall surrender to the parties of the first part (the lessors and defendants herein) the said property, and

he shall be permitted to remove from the said property the following property, to-wit:"

Then follows an itemized list of the property which he was allowed to remove, there being specified four mules, five head of cattle, one wagon, one stalk cutter, plows, sweeps and harrows, one automobile, all the merchandise in the store, and all personal effects belonging to the party of the second part in the residence on the said property, and all the hogs, chickens and turkeys

"* * * left after leaving on the place the number hereinafter set out".

Paragraph 5th of the lease contract and settlement provides that said property of the second part—

"* * * shall leave on the said property."

Then follows an itemized list of the property to be left, consisting of six horses, all named, one colt, one mule, and all cattle branded "B" and marked with a crop off of the left ear and an overbit on the right ear, one wagon, one cotton-planter, two harrows, three turning-plows, two sweep-stocks, 6000 pounds of cotton seed for planting purposes, 60 bushels of corn, 60 head of grown chickens, and all blacksmith tools.

It further stipulated that the lease did not include the cotton gin, which was to be operated by the lessors, but they agreed to gin the cotton produced on the plantation at 50 cents per 100 pounds and to charge plaintiff 25 cents profit per bale on the cost of bagging and ties used to wrap the cotton, and further provided that Robert E. Boykin, one of the defendants, should have the privilege of occupying

"* * * the first two rooms on the west side of the residence during the remainder of 1925, rent free",

and that each of the parties should pay one-fifth of the court costs of probating the last will and testament of J. W. Boykin and Mrs. Georgia L. Boykin, their deceased parents.

It further provided that the lessee should pay $70.00, or one-fifth of $350.00, indebtedness on the engine in the gin, the lessors to pay the balance.

We have recited in detail the personal goods and effects which were to remain on the property at the end of the lease and also that which might be removed by the lessee, showing with what detail these parties seem to have gone into the settlement of the successions.

As already stated, this document, in addition to its being a lease contract, purports to be a full and complete settlement of all differences between the plaintiff, on the one hand, and the defendants, on the other.

The testimony shows that in the settlement plaintiff and defendants were represented by counsel and that every item of the property, even a monkey wrench was mentioned, and that a final agreement was reached as to what property should be removed by plaintiff at the end of the lease and what should be left by him on the property.

We have noted that the contract makes no mention of the Delco lighting plant which plaintiff claims now the right to remove. It seems to us reasonable to assume that the reason for not mentioning the property now in controversy in the

contract was, that the parties considered it a part of the realty and not susceptible of removal as it was attached to a concrete foundation by screws and bolts.

Our conclusion on this point is strengthened by the testimony of H. P. Boykin and R. E. Boykin, two of the defendants, to the effect that after a full discussion of the various items which might be removed by plaintiff and those which were to be left by him on the property at the termination of the lease, H. P. Boykin asked about the Delco lighting plant and someone stated that it was included in the sale, and nothing more was said about it. They say these remarks were made in the presence and hearing of the plaintiff who said nothing. However, this testimony, given by his two brothers, was disputed by plaintiff.

It is inconceivable to us that the parties, after going into such minute detail as to what plaintiff was permitted to remove and what he should leave on the premises would overlook the Delco lighting plant, worth $350.00, if it was ever considered otherwise than as a part of the realty, and included in the sale from plaintiff to defendants. It is true, as pointed out by counsel for plaintiff, that in the deed from plaintiff to defendants there is a clause reading:

"Also all of the personal and movable property of every kind, character, nature and description belonging to the said J. W. Boykin and the said Mrs. Georgia L. Boykin, deceased, either or both of them, at the time of their respective deaths."

This Delco lighting system, which was attached to the realty as before stated, we think was not considered personal and movable property by these parties at the time of the sale.

Counsel for plaintiff says, however, that the clause with reference to the personal and movable property shows that the intent of the vendor was to sell and that of the vendees to purchase only his interest in the property belonging to the succession and not that which belonged to the vendor individually, separately, and apart therefrom.

We note in the deed that the reference to the personal and movable property belonging to the said J. W. Boykin and Mrs. Georgia L. Boykin, deceased, is in a separate sentence which follows the description of the real estate. There is not in the deed a similar clause or sentence with reference to the real estate. The deed reciting that the vendor sells his undivided one-fifth interest in and to the real estate, describing it, generally known as the Boykin Home Place, with a subsequent clause that it is the intention to include in the above description the property owned by Mrs. Georgia L. Boykin, deceased, at the time of her death and upon which she resided, whether the same is accurately described or not. Following the description of the real estate is found this clause:

"* * * together with all the improvements situated upon all of the said hereinabove described property, consisting of dwelling, gin house and machinery, store building, barns, cabins and all other improvements. * * *"

Construing this deed and the lease contract entered into by the parties together, we are satisfied that the parties considered that the Delco lighting plant, which was attached to the real estate and in reality a part of the dwelling, as an "improvement"; otherwise it would have been mentioned in either the deed or the lease, the latter, by its specific terms, being a

full and complete settlement between the parties and going into minute detail as to what should and what should not be removed from the property.

Then, too, the preponderance of the testimony is to the effect that the Delco lighting plant was mentioned by one of the parties in the presence of the plaintiff who did not challenge the statement that it was included in the sale.

Counsel for plaintiff says that even if it be conceded that the sale did include the Delco plant, plaintiff conveyed only an undivided one-fifth interest and that he still owns an undivided four-fifths interest therein; but, as stated, we think it was considered as part of the realty owned by the successions and went with the land as other improvements did.

The Delco lighting system was placed on the property by plaintiff and could unquestionably have been removed therefrom by him had he seen fit to do so; but the contract and the testimony convince us that it was considered a part of the realty belonging to the successions and that plaintiff intended that it should be included in the sale.

Referring to the lease contract, which, in addition to being a lease contract was a complete and minute settlement between the parties, counsel for plaintiff in brief say it is very plain that the parties intended to make a complete contract as to just what should be left or removed by plaintiff. If they contemplated that plaintiff should leave any of his own individual property, it surely should have been included in the list of property to be left by him at the terminaton of the lease. When this property cannot be included in

that to be left in the place then defendants surely cannot demand that it be left.

That contract, like a two-edged sword, cuts both ways. If plaintiff invokes it in his behalf, the defendants may also invoke it against him. It is true it stipulated, item by item, what should be left on the premises at the termination of the lease and the Delco plant was not mentioned. But it also sets out, item by item, what property plaintiff might remove, and in the list this property is not mentioned.

In view of the fact that the sale included all improvements on the real estate, and the lighting plant was an improvement, it is easy to understand why defendants did not deem it necessary to mention it in the contract. On the other hand, if plaintiff did not intend that it be considered as an improvement on the property and had intended to remove it, we can see no reason why he should not have had it included in the list of the property which he might remove at the end of the lease.

Again, counsel call our attention to the clause in the lease providing that plaintiff should be permitted to remove his personal effects from the property, and they say that "personal effects" includes property in contest. Even if it be conceded as contended by counsel, that the lighting plant may be termed "personal effects" or "personal property", the clause in the contract which plaintiff invokes in his favor is against him; because, after describing in detail, item by item, what property plaintiff should be permitted to remove at the termination of the lease, which list does not include the property in contest, there follows this sentence:

"All merchandise in the store and all of the personal effects belonging .to the said party of the second part' in the residence on the said property."

The Delco plant' is not in the residence but is "near the main residence".

There is some wire and other fixtures in the residence, but plaintiff's counsel concede that he has no right to remove what is attached to the building and is not making any claim for those fixtures. .

The contract does not mention personal effects generally but specifically refers to such property "in the residence", which unquestionably means plaintiff's wearing apparel, jewelry, etc.

The judge of the lower court held that plaintiff is not entitled to remove said property .and we think ·his judgment is correct and it is therefore affirmed with costs.